Per Curiam.

Section 709.35, Bevised Code, upon which relators seem to rely, reads in part as follows:
“When a city and a village adjoin each other, and the inhabitants of territory constituting any part of such village desire to be annexed to such adjoining city, on application of the legislative authority of the city and on written request of a majority of the voters of the territory of such village sought to be annexed, or, on the written request of two thirds of the resident voters of any part of the territory of such village sought to be annexed, the Board of County Commissioners may cause such alteration to be made, and the boundaries of the city and the village, respectively, to be established in accordance with the application and request, and such territory thereafter shall constitute part of the city # * (Emphasis added.)
The last act of the respondent board taken in the proceedings, as alleged in the petition, is the request for a declaratory judgment to determine whether “the board of county commissioners still had jurisdiction to proceed in the matter.” Such a request would indicate that the respondent considered the proceeding still pending.
Section 707.06, Bevised Code, provides that the hearing before the Board of County Commissioners “may be adjournedl from time to time, and from place to place, according to the discretion of the board. ’ ’
The petition does not allege an abuse of discretion on the part of respondent.
To entitle the relators to a writ of mandamus, they must plead the existence of necessary facts and prove a clear legal *386 right to the writ and the failure of performance of the act which the relators allege the respondent is by law enjoined to do. This they have failed to do.
A writ of mandamus is denied.

Writ denied.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Collier and O’Neill, JJ., concur.
Collier, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.